IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS

Ronald Brian Emfinger,

    *Plaintiff,*

v.

La Zeta 97.7 Inc.,

    *Defendant.*

Case No. 5:25-cv-05075-TLB

---

# Answer

---

## * * *  Jury Trial Demanded  * * *

La Zeta 95.7 Inc. ("Defendant") states:

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C §101 et seq.

    **Answer 1.** Admit.

2. Plaintiff created a video of tornado damage to Rogers, Arkansas (the "Video") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

    **Answer 2.** Deny.

3. Upon information and belief, Defendant operates 4 radio stations with the call signs KSEC, KOLL, KLTK and KBHS.

    **Answer 3.** Admit.

4. In furtherance of its business, Defendant owns and operates a social media account on Facebook known as "La Zeta NW Arkansas" (the "Account").

**Answer 4.** Admit.

5. Defendant, without permission or authorization from Plaintiff, actively copied and displayed the Video on the Account and engaged in this misconduct knowingly and in violation of the United States copyright laws.

**Answer 5.** Deny.

6. Plaintiff Ronald Brian Emfinger is an individual who is a citizen of the State of Arkansas and maintains a principal place of business in Washington County, Arkansas.

**Answer 6.** Defendant is without information to admit or deny and therefore denies.

7. Upon information and belief, defendant La Zeta 95.7 Inc., is an Arkansas corporation with a principal place of business at 6515 Norman Avenue, Springdale in Washington County, Arkansas.

**Answer 7.** Admit.

8. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

**Answer 8.** Admit.

9. This Court has personal jurisdiction over Defendant because it maintains its principal place of business in Arkansas.

**Answer 9.** Admit.

10. Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

**Answer 10.** Admit.

11. Plaintiff is a professional videographer by trade who is the legal and rightful owner of certain videos which Plaintiff commercially licenses.

> **Answer 11.** Defendant is without information to admit or deny and therefore denies.

12. Plaintiff has invested significant time and money in building Plaintiff's video portfolio.

> **Answer 12.** Defendant is without information to admit or deny and therefore denies.

13. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "USCO") which cover many of Plaintiff's videos while many others are the subject of pending copyright applications.

> **Answer 13.** Defendant is without information to admit or deny and therefore denies.

14. Plaintiff's videos are original, creative works in which Plaintiff owns protectable copyright interests.

> **Answer 14.** Deny.

15. On May 26, 2024, Plaintiff first published the Video. A copy of a screengrab of the Video is attached hereto as Exhibit 1.

> **Answer 15.** Defendant is without information to admit or deny and therefore denies.

16. In creating the Video, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens, and camera equipment used to capture the video recording and made each and every artistic determination necessary for the creation of the work.

> **Answer 16.** Defendant is without information to admit or deny and therefore denies.

17. On June 20, 2024, the Video was registered by the USCO under Registration No. PA 2-481-539.

**Answer 17.** Defendant is without information to admit or deny and therefore denies.

18. Plaintiff created the Video with the intention of it being used commercially and for the purpose of display and/or public distribution.

**Answer 18.** Defendant is without information to admit or deny and therefore denies.

19. Defendant is the registered owner of the Account and is responsible for its content.

**Answer 19.** Admit.

20. Defendant is the operator of the Account and is responsible for its content.

**Answer 20.** Admit.

21. The Account is a key component of Defendant's popular and lucrative commercial enterprise.

**Answer 21.** Deny.

22. Upon information and belief, Defendant is a media company which owns a comprehensive portfolio of digital assets and has advanced operational and strategic expertise in an industry where copyright is prevalent.

**Answer 22.** Deny.

23. Upon information and belief, Defendant's staff have significant experience in copyright matters and are familiar with specific journalistic practices including the need to ensure that images used in their posts have been properly licensed.

**Answer 23.** Deny.

24. Upon information and belief, Defendant has not implemented adequate internal policies to verify copyright ownership before content use, indicating a gross negligence in legal compliance, which is essential for a company with Defendant's reach, capabilities, and level of sophistication.

**Answer 24.** Deny.

25. Upon information and belief, Defendant's internal policies, if any, are either not designed to verify copyright ownership before content use or are systematically ignored, indicating a willful, recurring disregard for copyright compliance.

**Answer 25.** Deny.

26. Defendant's failure to adopt or effectively enforce internal copyright policies, if any, indicates de facto willful infringement.

**Answer 26.** Deny.

27. On or about May 26, 2024, without permission or authorization from Plaintiff, Defendant volitionally copied and displayed Defendant displayed the Video on the Account as part of an on-line post at URL: https://www.facebook.com/watch/?v=1867674590386592. A copy of a screengrab depicting the Infringement is attached hereto as Exhibit 2. of an on-line post at URL: https://www.facebook.com/watch/?v=1867674590386592. A copy of a screengrab depicting the Infringement is attached hereto as Exhibit 2.

**Answer 27.** Deny.

28. The Infringement is a copy of Plaintiff's original video recording that was directly copied and displayed on the Account by Defendant.

**Answer 28.** Defendant is without information to admit or deny and therefore denies.

29. Upon information and belief, the Video was copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Video.

**Answer 29.** Defendant is without information to admit or deny and therefore denies.

30. The Infringement includes a URL ("Uniform Resource Locator") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement.

**Answer 30.** Deny.

31. Upon information and belief, Defendant takes an active and pervasive role in the content posted on the Account, including, but not limited to copying, posting, selecting, commenting on, and displaying video recordings including but not limited to Plaintiff's Video.

**Answer 31.** Deny.

32. Upon information and belief, the Video was willfully and volitionally posted to the Account by Defendant.

**Answer 32.** Deny.

33. Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringement was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringement which forms the basis of this complaint, since such a claim would amount to only willful blindness to the Infringement on the part of Defendant.

**Answer 33.** Deny.

34. Upon information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States copyright laws.

**Answer 34.** Deny.

35. Upon information and belief, Defendant had complete control over and actively reviewed and monitored the content posted on the Account.

**Answer 35.** Deny.

36. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on the Account and exercised and/or had the right and ability to exercise such right.

**Answer 36.** Deny.

37. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringement.

**Answer 37.** Deny.

38. Upon information and belief, the Infringement increased traffic to the Account and, in turn, caused Defendant to realize an increase in its business revenues.

**Answer 38.** Deny.

39. Upon information and belief, a large number of people have viewed the unlawful copy of the Video on the Account.

**Answer 39.** Deny.

40. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

**Answer 40.** Deny.

41. Defendant's use of the Video harmed the actual market for the Video.

**Answer 41.** Deny.

42. Defendant's use of the Video, if widespread, would harm Plaintiff's potential market for the Video.

**Answer 42.** Deny.

43. On August 19, 2024, Plaintiff, via counsel, served a letter seeking to address the complaints contained herein concerning Defendant's infringement of Plaintiff's rights-protected work.

**Answer 43.** Deny.

44. Thereafter, on September 18, 2024, Plaintiff, via counsel, served a follow up letter seeking to address said complaints directly with Defendant in attempt to avoid litigation.

**Answer 44.** Deny.

45. Despite Plaintiff's efforts and willingness to address Defendant's infringing activity, Defendant failed to respond, and Plaintiff was forced to seek judicial intervention for Defendant's infringing activity.

**Answer 45.** Defendant is without information to admit or deny and therefore denies.

46. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

**Answer 46.** Deny.

47. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

**Answer 47.** Deny.

48. The Video is an original, creative work in which Plaintiff owns a valid copyright.

**Answer 48.** Deny.

49. The Video is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

> **Answer 49.** Defendant is without information to admit or deny and therefore denies.

50. Plaintiff has not granted Defendant a license or the right to use the Video in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

> **Answer 50.** Defendant is without information to admit or deny and therefore denies.

51. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

> **Answer 51.** Deny.

52. Defendant's reproduction of the Video and display of the Video constitutes willful copyright infringement.

> **Answer 52.** Deny.

53. Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Video in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Video without Plaintiff's consent or authority.

> **Answer 53.** Deny.

54. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

**Answer 54.** Deny.

55. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

**Answer 55.** Deny.

56. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of Plaintiff's copyright pursuant to 17 U.S.C. § 502.

**Answer 56.** Deny.

57. Plaintiff hereby demands a trial of this action by jury.

**Answer 57.** Defendant likewise requests a trial by jury.

WHEREFORE, Plaintiff respectfully requests . . . any other relief the Court deems just and proper.

**Answer.** Deny Plaintiff is entitled to any relief set forth in its Wherefore Clause.

## AFFIRMATIVE DEFENSES

58. Pleading affirmatively, Defendant asserts Plaintiff has failed to state a claim upon which relief can be granted.

59. Pleading affirmatively, Defendant asserts the defense of noninfringement.

60.  Pleading affirmatively, Defendant asserts the defense of implied or express license.

61.  Pleading affirmatively, Defendant asserts the defense of noninfringement in that the video constitutes raw footage of a news event having minimal creative input; copyright protection is therefore inapplicable.

62.  Pleading affirmatively, Defendant asserts the defense of noninfringement in that the video is drone captured raw footage of a news event having minimal creative input; copyright protection is therefore inapplicable.

63.  Pleading affirmatively, Defendant asserts Plaintiff's claims are barred by the doctrine of merger, i.e., there is only one or a limited number of ways to express an idea, the expression 'merges' with the idea and cannot be copyrighted. News events are factual and therefore not copyrightable; the alleged video is an unembellished passive recording of a news event captured by a drone.

64.  Pleading affirmatively, Defendant asserts Plaintiff's claims are barred by the "scenes-a-faire" doctrine in copyright law referring to elements in a creative work that are standard, stock, or indispensable to a particular genre or subject and therefore not protected by copyright.

65.  Pleading affirmatively, Defendant asserts all affirmative defenses of Fed. R. Civ. P. 8(c), including waiver.

66.  Pleading affirmatively, Defendant asserts Plaintiff's claims are barred because of misuse of copyright in that use of copyright lawsuits in this manner violates public policy, is designed to suppress competition or extend protection beyond the statutory limits of copyright law, or in this specific case, the threat of lawsuit has been improperly used to attempt to coerce settlement on unreasonable terms.

67.  Pleading affirmatively, Defendant asserts that if there is any infringement found by a jury, it is innocent as the Defendant was unaware and had no reason to believe it was infringing.

68.  Pleading affirmatively, Defendant asserts the copyright forming the basis of this case is invalid.

69.  Pleading affirmatively, Defendant asserts a fair use defense.

WHEREFORE, Defendant denies all wrongdoing, prays for dismissal of the case, prays for a declaration the copyright is unenforceable or invalid, for an award of its attorneys' fees and costs, and for all other relief to which it is entitled.

_____
Mark Murphey Henry, Ark. Bar No. 97170
Otto Matthew Bartsch, Ark. Bar No. 2022264
HENRY LAW FIRM
P.O. Box. 4800
Fayetteville, Arkansas 72702
Telephone:   (479) 368-0555
Email:        mark@henry.us
Email:        otto@henry.us