**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**RONALD BRIAN EMFINGER**                                        **PLAINTIFF**


**v.**                                  **Case No. 5:25-CV-05075-DCF**

**LA ZETA 95.7 INC.**                                              **DEFENDANT**

### ORDER

Before the Court is Plaintiff's Motion for Summary Judgment on the Issue of Liability. (Doc. 19). For the reasons set forth below, the Motion is DENIED.

### I.    BACKGROUND

This is a copyright action. A jury trial is set in this matter for May 18, 2026. (Doc. 17). This matter stems from a video of tornado damage in Rogers, Arkansas in May 2024. On April 9, 2025, Plaintiff Ronald Brian Emfinger filed a Complaint against Defendant La Zeta 95.7, Inc., alleging copyright infringement under the Copyright Act, 17 U.S.C. §§ 101-1332. (Doc. 2). Plaintiff alleged that he created the video and owned the rights and licenses for its various uses. (*Id.*). He sought to recover damages based on La Zeta's alleged unauthorized use of the video in furtherance of its business, namely through its social media account "La Zeta NW Arkansas." (*Id.*).

Defendant filed its Answer on May 22, 2025, denying all wrongdoing, asserting a fair use defense, and demanding a jury trial. (Doc. 8). Defendant

1

asserted, *inter alia*, that the video at issue was not protected by copyright because it captured raw footage of a news event having minimal creative input. (*Id.*). Defendant also pleaded affirmatively that Plaintiff's claims were barred as a misuse of copyright law to coerce settlement on unreasonable terms. (*Id.*). About one month later, the parties filed a Rule 26(f) Joint Report (Doc. 12), and the discovery deadline passed on January 16, 2026 (Doc. 17).

On January 26, 2026, Plaintiff filed the instant Motion requesting the Court grant summary judgment on the issue of liability. (Doc. 19). He asserts that there is no issue of material fact with respect to Defendant's liability because Plaintiff has established a *prima facie* claim for direct copyright infringement. (Doc. 20, p. 4). He asserts that he owns a valid copyright of the video at issue and that Defendant copied and displayed the video without authorization; therefore, summary judgment should be granted in his favor on this issue. (*Id.* at 5).

Defendant filed its Response in Opposition to the Motion for Summary Judgment on Liability on February 9, 2026. (Doc. 24). Defendant asserts that summary judgment in Plaintiff's favor is not warranted because there remain genuine disputes of material fact as to whether La Zeta had an express or implied license to use the footage, which is a complete defense to liability. (*Id.* at 5). Defendant further argues that summary judgment in its favor is appropriate

2

based on the fair use defense.  (*Id.* at 7-8).

## II.    DISCUSSION

Under Federal Rule of Civil Procedure 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  The Court must review the facts in the light most favorable to the opposing party and give that party the benefit of any inferences that logically can be drawn from those facts. *Canada v. Union Elec. Co.*, 135 F.3d 1211, 1212-13 (8th Cir. 1997). The moving party bears the burden of proving the absence of a genuine dispute of material fact and that it is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

Once the moving party has met its burden, the non-moving party must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(c)).  "[T]he mere existence of a scintilla of evidence in support of the [moving party's] position will be insufficient" to survive summary judgment. *Anderson v. Durham D&M, L.L.C.*, 606 F.3d 513, 518 (8th Cir. 2010) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)).  Rather, for there to be a genuine issue of material fact that would preclude summary judgment, the non-moving party

must produce evidence "such that a reasonable jury could return a verdict for the nonmoving party." *Allison v. Flexway Trucking, Inc.*, 28 F.3d 64, 66 (8th Cir. 1994) (quoting *Liberty Lobby*, 477 U.S. at 248).

The Court finds that Plaintiff has not met its burden to prove the absence of a genuine dispute of material fact in this case. Plaintiff contends that summary judgment should be granted in his favor because he has established a *prima facie* claim for direct copyright infringement under the *Feist* test, which requires a plaintiff to show 1) it owns a valid copyright of the infringed work and 2) the defendant copied protected elements from that work. (Doc. 20 (citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)). While it does not appear that the parties dispute Plaintiff's certificate of registration reflecting his copyright pursuant to 17 U.S.C. § 411(a), they do dispute whether Defendant's actions were unauthorized.

Moreover, the Court finds that Defendant has presented specific facts showing that there is a genuine issue for trial. Defendant disputes Plaintiff's claim that it engaged in actionable copying of the video at issue. (Doc. 24). While Plaintiff was not deposed, written discovery responses demonstrate that Defendant received the video through a user submission that included attribution to Plaintiff. (*Id.*). Defendant believed it had permission to use the video so long as proper credit was given, and it did so only in a context that clearly and

expressly attributed the video to Plaintiff.  (*Id.*).

Defendant also submits that its use of the video at issue cannot amount to infringing conduct because the footage depicts 'incidents, characters or settings which are as a practical matter indispensable, or at least standard, in the treatment of a given topic.'  (*Id.* at 5-6 (citing *Frye v. YMCA Camp Kitaki*, 617 F.3d 1005, 1008 (8th Cir. 2010)).  Because the passive drone footage at issue necessarily depicts elements common to a post-tornado scene, according to Defendant, it is not protectable by copyright.  (*Id.* at 6).

Finally, Defendant asserts that its social media post of the video at issue constitutes non-infringing Fair Use for four reasons: 1) its purpose and character were noncommercial; 2) the video was a factual description of newsworthy events recorded from public vantage points; 3) the amount and substantiality of the portion used in relation to the work as a whole was limited; and 4) Plaintiff suffered no harm to the market value of the video due to Defendant's use.

## III.   CONCLUSION

The Court finds that the issue of liability in this case contains a genuine dispute of material facts.  Therefore, Plaintiff's Motion is **DENIED**.

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment on the Issues of Liability (Doc. 19) is **DENIED**.

**IT IS SO ORDERED** this 7th day of May 2026.


*/s/ David Clay Fowlkes*

DAVID CLAY FOWLKES
UNITED STATES DISTRICT JUDGE

6